HUGH MCCAFFREY ET AL., APPELLANTS, V. CITY OF OMAHA
ET AL., APPELLEES.

FILED MAY 29, 1912.   No. 16,567.

OPINION on motion to modify opinion reported, *ante*, p.
184. *Motion overruled.*

PER CURIAM.

A motion has been made by the appellee to modify cer-
tain expressions used in the opinion in this case (*ante*, p.

184) relative to the meaning of the clause in the statute, "record owners of a majority of the taxable foot frontage of property upon such street or alley to be improved within said district." Comp. St. 1911, ch. 12a, sec. 108, subd. II. The actual controversy in the case is whether or not the city had power to make a special assessment on property lying outside of an improvement district for the purpose of paying for improvements within the district. It was decided, in substance, that in order to warrant an assessment for street improvements (outside of certain specified limits in the city) there must be a petition of property owners in the proposed district, that a street improvement district must be created, that the levy of taxes for such improvement must be confined to property within the district which has been specially benefited by the improvement, and that no taxes for such improvement can be levied on property outside of the district. It hardly seems necessary to say that not all arguments made or reasons advanced in the course of the written opinion in this or any other case are judicial determinations. It is not infrequent that lawyers argue propositions and judges discuss matters not absolutely necessary to the final decision of the case. Unless the judgment of the court rests upon such points, the expression of views in regard thereto in an opinion may be regarded as argumentative and as expressing tentatively only the views of the writer of the opinion in regard thereto.

In this case the points actually decided are clearly expressed in the syllabus, which covers the real controversy. Propositions advanced in the opinion not essential to the judgment pronounced are not to be regarded as final determinations or as legal precedents.

The motion is, therefore,

OVERRULED.

BARNES and ROSE, JJ., adhere to former dissent.